UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
06-CV-238(JMR/FLN)

| | |
|---|---|
| Farnam Street Financial, Inc. | ) ) ) |
| v. | ) ORDER ) |
| Trinity Valley Electric Cooperative, Inc. | ) ) ) |

Defendant guaranteed a lease contract. The lessee has failed to make its lease payments and is now in bankruptcy. Plaintiff seeks summary judgment on defendant's guarantee. Plaintiff's motion is granted.

I.   Background

Plaintiff, Farnam Street Financial, Inc. ("Farnam"), is a Minnesota corporation engaged in leasing technology and equipment. On December 21, 2001, Farnam and Trinity Valley Services ("Trinity Valley") entered into a lease agreement ("Agreement"). Trinity Valley is a subsidiary of defendant, Trinity Valley Electric Cooperative, Inc. ("TVEC"), a Texas corporation. The Court has jurisdiction over this matter based on diversity of the parties, pursuant to 28 U.S.C. § 1332.

Under the Agreement, Farnam leased equipment to Trinity Valley for a period 36 months, commencing on the first day of the month following equipment installation. Agreement ¶ 1. Trinity Valley was obligated to complete a certificate of acceptance upon installation. The Agreement provided for termination by either party, after providing 120 days' written notice, by mail, to the

other party.  Id.  In the absence of termination – and at the end of 36 months – the lease automatically renewed on a year-to-year basis.  Id.  The automatically-renewed lease continued until terminated.

On the day the Agreement was executed, TVEC signed an unconditional continuing guaranty, promising payment on the lease in the event of default by Trinity Valley.  TVEC sold its Trinity Valley stock in 2003, and Trinity Valley is now known as Cedar Valley Communications.  TVEC has not, however, disavowed its obligations under the guaranty.

Pursuant to the Agreement, Farnam and Trinity Valley executed Lease Schedule No. 001R, which incorporated the terms of the Agreement, on May 9, 2002.  This one-page document explicitly states it commences June 1, 2002, and lasts for 36 months.  On September 17, 2004, Cedar Valley filed for bankruptcy.  On July 11, 2005, representatives from Cedar Valley Communications sent an email – as opposed to the mailed letter called for by the Agreement – to Farnam, purportedly giving notice of termination of the lease agreement.  Farnam now seeks to recover on TVEC's lease guaranty.

II. Analysis

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 246 (1986). The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. See Anderson, 477 U.S. at 248-49; see also Hartnagel v. Norman, 953 F.2d 394, 395-96 (8th Cir. 1992). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48. If the opposing party fails to carry that burden, or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See Celotex, 477 U.S. at 322.

TVEC does not dispute the validity of the lease; instead, it suggests summary judgment is precluded because by a genuine issue of material fact as to when the lease began. The Court rejects this suggestion.

The Agreement between the Farnam and Trinity Valley sets the commencement of the lease on the first day of the month following installation of the equipment. Beyond this, Lease Schedule No. 001R explicitly sets a June 1, 2002, commencement date. TVEC has offered no evidence rebutting the June 1, 2002, date, and has failed to persuade this Court that additional time to gather evidence is necessary to do so. The Court discerns no reason to

look past the clearly stated commencement date contained in a document signed by both Farnam and Trinity Valley.

TVEC asks the Court to find that the lease agreement was validly terminated by the July 11, 2005, email sent to plaintiff. The Court cannot do so.  Setting aside the question of whether an email suffices for the contractually-agreed-to letter, the Court notes that, under the terms of the Agreement, notice of intent to terminate a lease commencing on June 1, 2002, should have been sent by January 31, 2005.  The July, 2005, email was tardy – and, thus, ineffective – by more than five months.  Under the Agreement's terms, in the absence of a proper notice of termination, the lease renews for one year.  Therefore, the Agreement obligates TVEC for the 2005-2006 lease term.

III. <u>Conclusion</u>

Defendant is responsible for the amount due on the lease between Farnam and Trinity Valley Services.  Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for summary judgment [Docket No. 4] is granted.

2.  Defendant is ordered to pay plaintiff the sum of $167,753.62 due on the lease agreement.

3.  This matter is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 3rd, 2006

      s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge